IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LOGAN S. SEGER,

          Petitioner,

v.

                                   Case No. 3:24-CV-1876-NJR

DEPARTMENT OF HUMAN
SERVICES and
THE STATE OF ILLINOIS,

          Respondents.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Logan S. Seger, a pretrial detainee at the Alton Mental Health Center, brings this habeas corpus action to challenge his continued pretrial detention. (Doc. 1). Seger claims a jury did not determine his mental fitness, and he did not have a fitness hearing within 90 days of his commitment to the mental health center as required by Illinois law. (*Id.*). He also challenges several procedural aspects of the criminal charges brought against him, and he asserts that his mental fitness was examined only in retaliation for filing a grievance while he was housed in the St. Clair County Jail. As relief, Seger wants the issue of mental fitness to be "stricken from the record" and for him to be released from pretrial detainment both at Alton Mental Health Center and the St. Clair County Jail.

On preliminary review, the Court directed Respondents to answer Seger's petition. (Doc. 10). Respondents argue that the petition should be dismissed without

Page 1 of 8

prejudice under *Younger v. Harris*, 401 U.S. 37 (1971), due to the pendency of state criminal proceedings. (Doc. 16). They ask, in the alternative, that the Court dismiss the petition with prejudice because it raises only issues of state law, which are not cognizable in a federal habeas proceeding. (*Id.*). Seger did not file a reply brief.

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241." *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015). However, several doctrines circumscribe the Court's ability to grant relief to detainees in state custody.

Respondents argue that the abstention doctrine set out by the Supreme Court in *Younger* applies here. That rule directs that this Court should abstain from interjecting itself into pending state criminal proceedings, civil proceedings that are "akin to criminal prosecutions," or proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). "Underlying the *Younger* abstention doctrine is 'the assumption that state courts are co-equal to federal courts and are fully capable of respecting and protecting [a plaintiff's constitutional] rights.'" *J.B. v. Woodard*, 997 F.3d 714, 724 (7th Cir. 2021) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1074 (7th Cir. 2018)). There are, however, three exceptions to the *Younger* abstention that can require federal intervention: where "(1) the state proceeding is motivated by a desire to harass or is conducted in bad faith, (2) there is an extraordinarily pressing need for immediate equitable relief, or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 664 (7th Cir. 2007) (quoting *Jacobson v. Village of Northbrook Mun. Corp.*, 824 F.2d 567, 569-70 (7th Cir. 1987)).

The exceptions are meant to be narrow. *Mulholland v. Marion Cnty. Election Bd.*, 746 F.3d 811, 818 (7th Cir. 2014).

However, the Seventh Circuit recently has clarified that *Younger* abstention does not apply in collateral attacks brought under § 2241 and § 2254. *Green v. Milwaukee Cnty. Cir. Ct.*, 148 F.4th 461, 463 (7th Cir. 2025). Even so, the general principle remains applicable, as "habeas has its own separate exhaustion doctrine to keep federal courts from intruding unnecessarily in state criminal proceedings." *Darrah v. Ball*, No. 26-CV-623, 2026 WL 1557134, at *2 (E.D. Wis. June 2, 2026). Accordingly, a federal court may require, as a matter of comity, that pretrial detainees "exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 297 (7th Cir. 1991); *see also Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) ("In the interests of comity between federal and state courts, the doctrine of exhaustion of state remedies has developed. It applies to pre-trial, as well as post-trial, habeas corpus petitions."). Generally, this means that a petitioner must raise his claim through one complete round of review in state court, including portions where review is discretionary rather than mandatory. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). There are also substantive limitations on a court's ability to grant the writ to pretrial detainees: "Relief . . . is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009).

Respondents argue that Seger did not adequately exhaust his state court remedies. The Court agrees. Seger was adjudicated unfit to stand trial in October 2023, but he did not appeal that decision until June 2024. (Doc. 16-2). The state trial court struck his notice

of appeal as untimely. (*Id.* at p. 5). Nothing in the record indicates that Seger sought to appeal that decision or otherwise obtain leave to file a late appeal. In August 2024, Seger filed another notice of appeal, contesting his criminal charge and the process by which it was "brought forth." (*Id.* at p. 7). The trial court again struck the appeal, reasoning that Seger had failed to state an appealable issue or cite any law. (*Id.* at p. 10). There is no indication that Seger further pursued that appeal. In September 2024, after Seger filed the instant habeas petition in this Court, he sought leave from the Illinois Supreme Court to file a state habeas petition raising several issues related to his fitness proceedings. (Doc. 16-3). In November 2024, the court denied him leave to file the habeas petition. (Doc. 16-4).

Seger clearly did not exhaust his claims at issue in this petition through one complete round of review in state court. Nor was the Illinois Supreme Court's denial of his motion for leave to file a habeas petition sufficient to exhaust his claim. *See McMillan v. Baldwin*, No. 18-3049, 2018 WL 5018448, at *2 (C.D. Ill. Oct. 16, 2018) (citing *Crump v. Lane*, 807 F.2d 1394, 1396 (7th Cir. 1986)). Seger also has not explained why any potential exception to the exhaustion requirement should apply here. Although the exhaustion requirement in § 2241 cases is discretionary, *Darrah*, 2026 WL 1557134, at *2, the Court sees no reason it should not be enforced here. Notably, Seger's petition does not raise any claims that are clearly grounded in federal (rather than state) law, and he is entitled to renewed fitness determinations every 90 days he remains committed to the custody of mental health authorities, *see* 725 ILCS 5/104-20. The Court therefore will dismiss Seger's petition without prejudice.

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**. The Clerk of the Court is **DIRECTED** to close this case and enter judgment accordingly.

### CERTIFICATE OF APPEALABILITY

In most circumstances, a certificate of appealability is required to appeal from the dismissal or denial of a Section 2241 petition filed by a state defendant seeking release from pre-trial custody. *See Evans v. Cir. Ct. of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009). Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 580 U.S. 100, 115 (2017). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show both that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, no reasonable jurist would debate this Court's ruling that Seger failed to properly exhaust his state remedies. Accordingly, the Court denies a certificate of appealability. Seger may reapply to the United States Court of Appeals for the Seventh

Circuit for a certificate of appealability if he wishes to pursue an appeal. *See* Fed. R. App.
P. 22(b); 28 U.S.C. § 2253(c)(1).

### NOTICE OF APPELLATE RIGHTS

If Seger wishes to contest this Order, he has two options. He may seek review of
the Order by the Seventh Circuit or request the undersigned to reconsider the Order
before going to the Seventh Circuit. If Seger chooses to go straight to the Seventh Circuit,
he will only be allowed to proceed on his appeal if he first obtains a certificate of
appealability. The undersigned has already declined to issue a certificate of appealability.
So, Seger must request a certificate of appealability from the Court of Appeals pursuant
to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c). He must
also file a notice of appeal within 30 days from the entry of judgment or order appealed
from. Fed. R. App. P. 4(a)(1)(A). The deadline can be extended for a short time only if
Seger files a motion showing excusable neglect or good cause for missing the deadline
and asking for an extension of time. Fed. R. App. P. 4(a)(5)(A), (C); *see also Sherman v.
Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect
standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807-08 (7th Cir. 2011)
(explaining the excusable neglect standard).

The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing
fee is due at the time the notice of appeal is filed. Fed. R. App. P. 3(e). If Seger cannot
afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in
forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund
account. *See* Fed. R. App. P. 24(a)(1)(C). The IFP motion must set forth the issues Seger

plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

On the other hand, if Seger wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within 28 days of the entry of judgment, and the deadline *cannot* be extended. Fed. R. Civ. P. 59(e); 6(b)(2). The motion also must comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707-08 (7th Cir. 2010); *see also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. Fed. R. App. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. Fed. R. App. P. 4(a)(1)(A), (a)(4), & (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day window or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor*, 556 F.2d 818, 819-20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Seger

Page 7 of 8

showing excusable neglect or good cause.

**IT IS SO ORDERED.**

**DATED:   July 7, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**